IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.

WILSON JONES
EDWARD CHILDRESS

CASE NO. 1:25CR063-GHD

MOTION IN LIMINE TO PRECLUDE TESTIMONY ON THE
ADVICE OF COUNSEL DEFENSE

On October 9, 2025, Defendant Edward Childress notified the United States of his intent to assert the affirmative defense of his reliance on the advice of counsel at his trial on November 17, 2025. According to his notice, that defense is based on advice given to him by the Corinth School Board attorney and another attorney, Jim Keith, of the Adams & Reese law firm in Jackson, Mississippi. The Government submits that the reliance of counsel defense as to Jim Keith is not appropriate and seeks to preclude his testimony as irrelevant.

INTRODUCTION

Edward Childress has been charged with the misprision of a felony for failing to notify law enforcement once he found out Wilson Jones committed the felonies of possession of child pornography and production and receipt of obscene material. Instead, Childress allowed Wilson Jones to resign his position as a teacher in the Corinth School District and misrepresented the nature of the images found on Jones's school computer to the School Board.

Childress intends to rely on an advice of counsel defense at the trial of this matter commencing November 17, 2025. In his notice to the United States, Childress waived any attorney-client privilege he had in furtherance of this defense. Because Childress did not seek or

receive any counsel from attorney Jim Keith of the Adams & Reese law firm as to this incident, that testimony would be irrelevant and should be precluded.

## ADVICE OF COUNSEL DEFENSE

"As with all evidence, the advice of counsel defense may only be presented during trial if it is relevant." *United States v. Impastato*, 543 F. Supp. 2d 569, 573 (E.D. La. 2008). "As a general rule, '[a]dvice of counsel, when given on full disclosure of all the facts and followed in good faith, may be a matter to considered by the jury in determining the [Defendant's] guilt.'" *Id.* (quoting *United States v. Thaggard*, 477 F.2d 626, 632 (5th Cir. 1973)). "The elements of an advice-of counsel defense are: (1) the advice was sought and received before taking the allegedly criminal action; (2) the defendant sought the advice of a professional in good faith; (3) with the purpose of determining whether the conduct was lawful; (4) the professional was apprised of all material facts which the defendant knew; and (5) the defendant acted strictly in accordance with the advice of the professional." *United States v. Hagen*, 542 F. Supp. 3d 515, 518 (N.D. Tex. 2021) (quotation marks omitted).

It is not enough that the defendant merely retained an attorney for services similar to those at issue in the indictment. Rather, the defendant must have disclosed all material facts he knew to the attorney and acted in good faith in accordance with the attorney's advice, or the advice of counsel defense is inapplicable. *See Impastato*, 543 F. Supp. 2d at 580 (excluding advice of counsel defense where "the advice provided does not concern the crimes charged"); *see also United States v. Hill*, 643 F.3d 807, 851 (11th Cir. 2011) (affirming district court's refusal to give advice of counsel instruction where attorneys advised the defendant about certain transactions, but the transactions were not the basis for the fraud charges); *United States v. Bruner*, 616 F. App'x 841, 846 (6th Cir. 2015) (same, where the defendant "implicitly argue[d] that she established the two

elements of an advice-of-counsel instruction by cobbling together her interactions—over the course of at least a decade—with" her two attorneys).

Any testimony of Jim Keith is not relevant to this case as he has no personal knowledge on this matter. *See* FED. R. EVID. 602. In anticipation of this defense being used at trial, Investigator Bo Swindle and the undersigned traveled to the office of Jim Keith at Adams & Reese to discuss the advice given to Childress with regards to the AI child pornography issue in November of 2024. Jim Keith informed the government that he had given no advice to Edward Childress on this particular issue and explicitly stated, "nobody called me when this happened." He further stated that while he gets lots of calls about whether to report by school districts, he was not consulted here. Keith noted that he does not know what Childress did or did not do except what he read in the news. He stated that he was not contacted or consulted by Childress or the Corinth School District regarding the events of November 2024.

Based on his representations to the United States, any advice of counsel defense as to Jim Keith fails as Jim Keith was not apprised of all the material facts, and Childress cannot show that he explicitly followed any advice Keith gave on the basis of those facts. Therefore, his testimony is irrelevant, and the Government seeks to preclude the defense from introducing the testimony of Jim Keith. Jim Keith has no personal knowledge as to the matter at hand, and thus, should be precluded from any lay witness testimony. Moreover, he has not been designated as an expert witness for the defense and should not be allowed to testify on that basis either.

## CONCLUSION

The Motion to Preclude the Testimony of Jim Keith should be granted for the reasons outlined above.

Respectfully submitted,

CLAY JOYNER
United States Attorney

 /s/ *Parker S. King*
Parker S. King
Assistant United States Attorney
Miss. Bar No. 102499
900 Jefferson Avenue
Oxford, Mississippi 38655
Telephone: (662) 234-3351

CERTIFICATE OF SERVICE

      I, Parker S. King, attorney for the United States, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which provided notification to all parties of record.

      This the 27th day of October, 2025.

      /s/ *Parker S. King*
PARKER S. KING
Assistant United States Attorney