| | |
|---|---|
| **From:** | Bill Davis <bdavis@claytonodonnell.com> |
| **Sent:** | Thursday, July 24, 2025 5:01 PM |
| **To:** | Mary Clark Joyner |
| **Cc:** | Bill Davis |
| **Subject:** | FW: Corinth School District - AI Generated Images |

William H. Davis, Jr.
Clayton O'Donnell, PLLC
Attorneys at Law
511 Franklin Street
P.O. Box 1613
Corinth, MS  38835-1613
Tel:  662.396.4808
Fax:  662.396.4805

CONFIDENTIALITY INFORMATION:  This message and its attachments are intended only for the use of the intended recipient and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this e-mail in error, please notify us immediately by replying to the sender and permanently deleting this copy and the reply from your system.  Thank you for your cooperation.

Under requirements imposed by the IRS, we inform you that, if any advice concerning one or more U.S. federal tax issues is contained in this communication (including any attachments), such advice was not intended or written to be used and cannot be used for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or tax-related matter addressed herein.

**From:** Bill Davis <bdavis@claytonodonnell.com>
**Date:** Tuesday, February 25, 2025 at 10:47 AM
**To:** Jonathan Dennis <jdennis@mdek12.org>
**Cc:** Corinth School District <lchildress@corinth.k12.ms.us>, Bill Davis <bdavis@claytonodonnell.com>
**Subject:** Re: Corinth School District - AI Generated Images

Mr. Dennis,
Thank you for your response.  CSD will wait for MDE to report the incident to local law enforcement and then work with law enforcement as needed.
We appreciate your assistance in this unusual matter.
Bill Davis



1

014

CHILDRESS-01

William H. Davis, Jr.
Clayton O'Donnell, PLLC
Attorneys at Law
511 Franklin Street
P.O. Box 1613
Corinth, MS  38835-1613
Tel:  662.396.4808
Fax:  662.396.4805

CONFIDENTIALITY INFORMATION:  This message and its attachments are intended only for the use of the intended recipient and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this e-mail in error, please notify us immediately by replying to the sender and permanently deleting this copy and the reply from your system.  Thank you for your cooperation.

Under requirements imposed by the IRS, we inform you that, if any advice concerning one or more U.S. federal tax issues is contained in this communication (including any attachments), such advice was not intended or written to be used and cannot be used for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or tax-related matter addressed herein.

---

**From:** Jonathan Dennis <jdennis@mdek12.org>
**Date:** Monday, February 24, 2025 at 3:02 PM
**To:** Bill Davis <bdavis@claytonodonnell.com>
**Cc:** Lee Childress <lchildress@corinth.k12.ms.us>
**Subject:** Re: Corinth School District - AI Generated Images

Good afternoon Mr. Daivs,

CSD properly reported the incident to MDE as it relates to the licensure reporting requirements. MDE has no issue with making a report of this incident to local law enforcement. Once local law enforcement is notified, it is likely that they will reach out to CSD as part of their investigation. At this point it is up to CSD as to whether your client chooses to make the report to local law enforcement or wait until MDE has reported the incident to be involved.


Jonathan A. Dennis

Special Assistant Attorney General

State Agencies- Education Division

P.O. Box 220

Jackson, MS 39205

Telephone: 601-359-4717

Cell Phone: 601-944-8020

E-mail: jdennis@mdek12.org

E-mail: jonathan.dennis@ago.ms.gov



**Confidentiality Notice:** This message is being sent by the Office of the Attorney General for the State of Mississippi and is intended only for the use of the individual to whom it is addressed and may contain information that is legally privileged or confidential. If you are not the intended recipient, you are hereby notified that any distribution or copying of this message is strictly prohibited. If you have received this message in error, please notify the original sender or the Office of the Attorney General at (601) 359-1830 immediately by telephone or by return email and delete this message from your computer. Thank you.

---

**From:** Bill Davis <bdavis@claytonodonnell.com>
**Sent:** Thursday, February 13, 2025 8:51 AM
**To:** Jonathan Dennis <jdennis@mdek12.org>
**Cc:** Lee Childress <lchildress@corinth.k12.ms.us>; Bill Davis <bdavis@claytonodonnell.com>
**Subject:** Re: Corinth School District - AI Generated Images

**External Email**

CAUTION: This email originated from outside of the MDE organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mr. Dennis,
Thank you again for sending this detailed response. I have been through the statutes you referenced and your analysis, and appreciate your pointing them out to me as I was unaware of them. I believe you are probably correct on the district's obligation to report this incident. Assuming that is the case, I have a question regarding 97-5-51(3)(a)(ii)(1), which states that the reporting obligation is satisfied by following a procedure imposed, "by state agency rule as part of licensure of any person or entity holding a state license…."

In this case, CSD reported this incident to MDE as a reportable violation of the Educator Code of Conduct. With that mandatory report having been made to MDE, would that not discharge the district's 97-5-51 reporting obligation under subsection (3)(a)(ii)(1), such that no further reporting to law enforcement would be required from the district?

I greatly appreciate your help in navigating this issue.
Bill Davis

William H. Davis, Jr.
Clayton O'Donnell, PLLC
Attorneys at Law

511 Franklin Street
P.O. Box 1613
Corinth, MS 38835-1613
Tel: 662.396.4808
Fax: 662.396.4805

CONFIDENTIALITY INFORMATION: This message and its attachments are intended only for the use of the intended recipient and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this e-mail in error, please notify us immediately by replying to the sender and permanently deleting this copy and the reply from your system. Thank you for your cooperation.

Under requirements imposed by the IRS, we inform you that, if any advice concerning one or more U.S. federal tax issues is contained in this communication (including any attachments), such advice was not intended or written to be used and cannot be used for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or tax-related matter addressed herein.

---

**From:** Jonathan Dennis <jdennis@mdek12.org>
**Date:** Tuesday, February 4, 2025 at 5:15 PM
**To:** Bill Davis <bdavis@claytonodonnell.com>
**Cc:** Lee Childress <lchildress@corinth.k12.ms.us>
**Subject:** Re: Corinth School District - AI Generated Images

Good afternoon Mr. Davis,

I am one of the Special Assistant Attorney Generals assigned to the Mississippi Department of Education. In my role I advise the Office of Educator Misconduct. I appreciate your email concerning the Corinth School District and the issue dealing with an educator creating AI generated videos using images of students.

The Mississippi Child Protection Act of 2012 (MCA 97-5-51) requires a mandatory reporter to make a report if it would be reasonable for the mandatory reporter to suspect that a sex crime against a minor has occurred. Under MCA 97-5-51(a)(vi) a "sex crime against a minor" means any offense under at least one of the following statutes when committed by an adult against a minor who is under the age of sixteen: Section 97-5-33 Relating to exploitation of children. MCA 97-5-51(b) defines "mandatory reporter" as any of the following individuals performing their occupational duties: health care provider, clergy member, teaching or child care provider, law enforcement officer, or commercial image processor. 97-5-51(3)(a) states "a report under this subsection must be made immediately to the law enforcement agency in whose jurisdiction the reporter believes the sex crime against the minor occurred." 97-5-51(2)(d) states that "any mandatory reporter who makes a required report under this section or participates in a judicial proceeding resulting from a mandatory report shall be presumed to be acting in good faith. Any person or institution reporting in good faith shall be immune from any liability, civil or criminal, that might otherwise be incurred or imposed."

017

CHILDRESS-04

I would like to address the analysis of MCA 97-5-33. Subsection (2) of 97-5-33 states "No person shall, by any means including computer, photograph, film, video tape or otherwise depict or record a child engaging in sexually explicit conduct or in the simulation of sexually explicit conduct." Subsection (5) of 97-5-33 states "No person shall, by any means including computer, knowingly possess or knowingly access with intent to view any photograph, drawing, sketch, film, video tape or other visual depiction of an actual child engaging in sexual activity." You would be correct in your assertion that the legislature likely did not contemplate the use of AI between 1979 and 2013 when the statute was created and amended. However, in 2024, the legislature considered the use of AI when it amended Section 97-5-31 "Definitions for sections 97-5-33 to 97-5-37. MCA 97-5-31(a) defines "child" as meaning any individual who has not attained the age of eighteen years and is an identifiable child. Subsection (b)(v) defines "Sexually explicit conduct" as meaning actual, morphed or simulated... Lascivious exhibition of the genitals or pubic area of any person. Subsection (d) defines "visual depiction" as including without limitation, developed or undeveloped film and video tape or other visual unaltered, altered or morphed reproductions by computer and technology. Subsection (f) defines "morphed image" as any visual depiction or representation, including any photograph, film, video, picture, or computer or computer generated image or picture, whether made or produced by electronic, mechanical, simulated or other means, of sexually explicit conduct, where such visual depiction or representation has been created, adapted, or modified to appear as if an identifiable minor is engaging in sexual conduct or sexually explicit activity or appearing in a state of explicit nudity. Subsection (h) defines "identifiable child" as a child who was a minor at the time the image was created, adapted, or modified or whose images as a child was used in the creating, adapting or modifying of the image; and is recognizable as an actual child by the child's face, likeness, or other distinguishing characteristic, such as a unique birthmark or other recognizable feature.

The image/video content submitted to MDE contained five AI generated files. Four of the five files depicted two female minors in the act of kissing and embracing each other. One of the five files depict two female minors kissing each other and then lifting their dresses to expose their AI generated pubic areas. The actions depicted in that video are a morphed image of the lascivious exhibition of the pubic area of identifiable children. Three of the videos begin from the same start point, so it may be difficult to determine if you are watching the video that is the most graphic without watching the video to its conclusion.

I understand the Corinth School District's hesitation to report this incident to law enforcement for fear of potential liability. However, as a mandatory reporter, the school district enjoys protection under the law for mandatory reports made in good faith. If you would like to discuss this matter further, please feel free to contact me.

Jonathan A. Dennis

Special Assistant Attorney General

State Agencies- Education Division

P.O. Box 220

5

018

**CHILDRESS-05**

Jackson, MS 39205

Telephone: 601-359-4717

Cell Phone: 601-944-8020

E-mail: jdennis@mdek12.org

E-mail: jonathan.dennis@ago.ms.gov

**Error! Filename not specified.**

**Confidentiality Notice:** This message is being sent by the Office of the Attorney General for the State of Mississippi and is intended only for the use of the individual to whom it is addressed and may contain information that is legally privileged or confidential. If you are not the intended recipient, you are hereby notified that any distribution or copying of this message is strictly prohibited. If you have received this message in error, please notify the original sender or the Office of the Attorney General at (601) 359-1830 immediately by telephone or by return email and delete this message from your computer. Thank you.

---

**From:** Bill Davis <bdavis@claytonodonnell.com>
**Sent:** Monday, February 3, 2025 5:54 PM
**To:** Jonathan Dennis <jdennis@mdek12.org>
**Cc:** Bill Davis <bdavis@claytonodonnell.com>; Lee Childress <lchildress@corinth.k12.ms.us>
**Subject:** Corinth School District - AI Generated Images

**External Email**

CAUTION: This email originated from outside of the MDE organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mr. Dennis,
Good afternoon. I am the attorney for the Corinth School District (CSD). I understand from our Superintendent, Dr. Lee Childress, that you are over teacher licensing issues and have worked with Scott DeJong regarding a particular recent matter at CSD. Such matter concerns a report made by CSD to MDE of a teacher creating images of students using Artificial Intelligence. Such report was made as a believed violation of the Educator Code of Ethics.

In discussions between Mr. DeJong and Dr. Childress, a suggestion was made that CSD should additionally report this incident to law enforcement authorities. I have some questions about this suggestion and was directed to you.

Our understanding is that there are two reporting statutes for reporting to law enforcement any matters that may involve sexual content or abuse. The first is MCA 43-21-353. That statute seems to target abuse or sexual exploitation by a parent, custodian or other caregiver, and would not seem to apply to our scenario.

The other statute is the school reporting statute, MCA 37-11-29, and requires reporting unlawful activity that occurs on school property or at a school related event. There is an itemized list of offenses which must be reported, including three related to sexual abuse: rape, sexual battery and fondling of a child.

Dr. Childress was advised that CSD should perhaps report this incident involving AI generated images to law enforcement as a possible violation of MCA 97-5-33.

As an initial matter, even if it is assumed a violation of 97-5-33 occurred (which is not clear), it does not appear to me that an offense under this statute is reportable under 37-11-29, as it is not listed in the itemization of unlawful activities. If I am incorrect in this regard, please let me know.

A second concern is whether the creation of AI generated images would in fact constitute a violation of 97-5-33. There are 7 substantive subsections in this statute. Subsections (6) and (7) require the perpetrator to "order a child to meet with the defendant" or "order a child to produce any visual depiction." Both of these would seem to require a live child be involved, which is not the case here. Subsections (3), (4) and (5) of 97-5-33 also use language "actual child" (as opposed to simply "child"). This would suggest again that a live, actual child be involved, as opposed to a computer image. Subsection (1) similarly deals with "permit[ting] any child to engage in sexually explicit conduct or in the simulation of sexually explicit conduct" and also seems to require an actual child be involved.

Only subsection (2) of 97-5-33, in my view, could possibly apply, since it says "No person shall . . . depict or record a child engaging in sexually explicit conduct or in the simulation of sexually explicit conduct." An AI generated image using an actual photo of a child, I presume, may trigger this statute, (in fact, it would appear that a pen and ink drawing could be a violation as well). But even if one assumes subsection (2) could apply to AI, there is a further question as to whether mere "kissing" alone (the depictions here) constitutes the "sexually explicit conduct" required by the statute. In short, it is not clear whether an AI generated image of two girls kissing would trigger the statute. Again, any guidance here would be helpful.

In summary, CSD's highest priority is on the safety of its students, and we want to abide by any and all obligations to report any kind of abuse to the proper authorities. However, because the referenced statute of 97-5-33 is not one of the listed offenses required to be reported under 37-11-29, and because there is doubt whether the legislature contemplated AI images in drafting 97-5-33 between 1979 and 2013 when the statute was created and amended, I have reservations about advising CSD to make such a report to law enforcement in this instance, for fear that such could open the district to a potential malicious prosecution claim or other civil claim by the former teacher if such reporting is not required. Again, we are more than willing to discuss this issue further to better understand the district's obligations, if you believe we have misunderstood them.

I appreciate your assistance in this regard, and look forward to your response.
Thanks,
Bill Davis

William H. Davis, Jr.
Clayton O'Donnell, PLLC
Attorneys at Law
511 Franklin Street
P.O. Box 1613
Corinth, MS  38835-1613
Tel:  662.396.4808
Fax:  662.396.4805

CONFIDENTIALITY INFORMATION:  This message and its attachments are intended only for the use of the intended recipient and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this e-mail in error, please notify us immediately by replying to the sender and permanently deleting this copy and the reply from your system.  Thank you for your cooperation.

Under requirements imposed by the IRS, we inform you that, if any advice concerning one or more U.S. federal tax issues is contained in this communication (including any attachments), such advice was not intended or

written to be used and cannot be used for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or tax-related matter addressed herein.