IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA

v.                        CRIMINAL ACTION NO. : 1:25-cr-00063-GHD-DAS

WILSON JONES
EDWARD LEE CHILDRESS                        DEFENDANTS

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF WILSON JONES'S EMPLOYMENT AT MISSISSIPPI CHILD PROTECTIVE SERVICES**

Defendant, Edward Lee Childress ("Childress"), by and through counsel, files his Motion in Limine to Exclude Evidence of Wilson Jones's Employment at Mississippi Child Protective Services. In support of, Childress shows as follows:

**FACTUAL BACKGROUND**

The government alleges that Childress, as superintendent of Corinth School District ("CSD"), had knowledge that Jones, a CSD teacher, committed the crimes of possession child pornography and producing a visual depiction of a minor engaging in sexually explicit conduct. Specifically, knowledge that Jones used an artificial intelligence ("AI") program to create five (5) sexually explicit computer generated images that superimposed the actual faces of children onto virtual/fake bodies. The government also alleges that Childress concealed the aforementioned crimes from law enforcement by allowing Jones to resign and by misrepresenting to the CSD Board the reason for Jones's resignation.

On November 20, 2024, the day after Jones created the five (5) AI reels, Childress provided Jones with a letter terminating his employment with CSD. As required by law, the termination letter included the reasons for his termination and informed Jones that he could request a due process hearing to contest the termination of his employment. Jones signed a copy of the termination letter acknowledging receipt. The termination letter was permanently included in

Jones's personnel file. Later that day, Jones requested to resign in lieu of termination. Consistent with longstanding school district practice, Jones was permitted to resign from his position at CSD forgoing any right to appeal his separation from the school district. Childress informed the CSD Board Attorney that Jones had resigned in lieu of termination.

After Jones resigned from CSD, he applied for a position at the Mississippi Department of Child Protection Services ("MDCPS"). On February 18, 2025, Jones started his first day of employment at MDCPS as a Social Service Specialist II.

## LEGAL ARGUMENT

"Evidence in criminal trials must be strictly relevant to the particular offense charged." *U.S. v. Carrillo*, 660 F.3d 914, 926 (5th Cir. 2011) (quoting *U.S. v. Templeton*, 624 F.3d 215, 221 (5th Cir. 2010)). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "[I]rrelevant evidence is not admissible." Fed. R. Evid. 402. Even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, [or] misleading the jury. ..." Fed. R. Evid. 403.

"Whether a proposition is of consequence to the determination of the action is a question that is governed by the substantive law." *U.S. v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981). "Simply stated, the proposition to be proved must be part of the hypothesis governing the case a matter that is in issue, or probative of a matter that is in issue, in the litigation." *Id*. "The governing hypothesis of any criminal prosecution consists of the elements of the offenses charged and the relevant defenses (if any) raised to defeat criminal liability." *Id*.

The indictment charges Childress with violating 18 U.S.C. § 4, *i.e.*, misprision of a felony. The elements for misprision of a felony are: (1) knowledge that a felony was committed; (2) failure to notify the authorities of the felony; and (3) an affirmative step to conceal the felony. *U.S. v. Adams*, 961 F.2d 505, 508 (5th Cir. 1992). The fact that Jones was employed by MDCPS after he resigned from CSD does not have any tendency to make a fact regarding Childress's alleged misprision of a felony more or less probable. Further, the fact about Jones's MDCPS employment is of no consequence in determining the action because it is not a part of the governing hypothesis of the criminal prosecution, *i.e.*, it is not one of the elements of misprision of a felony or a potential defense by Childress. Accordingly, evidence of Jones's employment at MDCPS is not relevant to the instant case and is inadmissible.

Evidence of Jones's subsequent employment does not satisfy the Rule 401 requirements for relevance and, as such, there is no need to conduct a Rule 403 balancing test. However, out of an abundance of caution, the Defendant would note that the probative value of the evidence (none) is substantially outweighed by its highly prejudicial nature. The fact that Jones, who is charged with possessing child pornography and creating a visual depiction of a minor engaging in explicit sexual conduct, subsequent sought and gained employment with MDCPS is highly prejudicial and will unfairly play on the jury's emotions. This is particularly true since MDCPS records indicate Jones asked them not to contact the Corinth School District. Unfortunately, MDCPS chose not to inquire with CSD as to why a certified teacher left his employment mid-year. This evidence will serve only to inflame the passions of the jury by inferring that Childress's decision – based on the advice of the CSD Board Attorney – not to report Jones to law enforcement on the day he was terminated allowed Jones to continue working with children. Even if this were true, it would have no bearing on whether Childress intended to conceal a crime.

**CONCLUSION**

For the reasons stated above, Defendant Edward Lee Childress respectfully requests that the Court exclude evidence regarding Wilson Jones's employment at MDCPS from the trial of this matter.

Respectfully submitted, this 27th day of October, 2025.

EDWARD LEE CHILDRESS, *defendant*

By: *s/ Sidney E. Lampton*
SIDNEY E. LAMPTON

OF COUNSEL:

Mark D. Jicka (MSB No. 8969)
J. Scott Gilbert (MSB No. 102123)
Sidney E. Lampton (MSB No. 105957)
WATKINS & EAGER PLLC
P. O. Box 650
Jackson, MS 39205-0650
Telephone: 601-965-1900
Facsimile: 601-965-1901
mjicka@watkinseager.com
sgilbert@watkinseager.com
slampton@watkinseager.com