IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**UNITED STATES OF AMERICA**

v.                                     **CRIMINAL ACTION NO. : 1:25-cr-00063-GHD-DAS**

**WILSON JONES**
**EDWARD LEE CHILDRESS**                                                    **DEFENDANTS**

<u>DEFENDANTS' MOTION TO SEAL RECORDS</u>

Defendant Edward Lee Childress ("Childress"), by and through counsel, Pursuant to L.U. Civ. R. 79(e)(3), submits his Motion to Seal Records ("Motion to Seal") and, in support, would show:

1. Defendant requests that certain judicial records be sealed for the reasons set forth in the confidential memorandum being contemporaneously provided to the Court for *in camera* review pursuant to L.U.Civ.R. 79(3).[1] Specifically, Defendants request that the Court seal Exhibit "E" to Defendant's Motion to Exclude the Government's Rule 404(b) Evidence ("Motion to Exclude").

2. Defendant requests that Exhibit E be sealed pursuant to L.U.Civ.R. 79(3)(B)(2), so that the relevant record is sealed from any access by the public, with CM/ECF access permitted to the government and defense counsel.

3. The "character" and/or method of sealing judicial records as set forth in L.U.Civ.R. 79(3)(B)(2) is most appropriate because the government produced Exhibit "E" to defense counsel during discovery and, as such, it is not necessary to prevent the government from having CM/ECF access.

---

[1] The Local Criminal Rules provide that the process for sealing court records shall be governed by Rule 79 of *The Uniform Local Civil Rules of the Northern and Southern Districts of Mississippi*. *See* L.U. Crim. R. 49.1.

1

4. "Every court has supervisory power over its own records and files[.]" *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). The decision whether to allow public access to court records is left to the "sound discretion of the trial court[,] ... to be exercised in light of the relevant facts and circumstances of the particular case." *Id*. at 599.

5. "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van Wayeynberghe*, 990 F.2d 845, 848 (5th Cir. 1993). Public access of judicial records "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *Id*. at 850 (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)). However, a court must consider "relevant facts and circumstances of the particular case." *Id*. at 849 (quoting *Nixon*, 435 U.S. at 599).

6. The balance between the public's common-law right of access to judicial records and the relevant facts and circumstances of the particular case weigh in favor of sealing Exhibit "E" to Defendant's Motion to Exclude.

7. Defendant requests that the Court waive the requirement for an accompanying memorandum in support of the Motion to Seal and rely on the confidential Memorandum of Authorities being provided contemporaneously herewith for the Court's *in camera* review.

Respectfully submitted, this 31st day of October, 2025.

                                              EDWARD LEE CHILDRESS

By:   *s/ Mark D. Jicka*
       MARK D. JICKA

OF COUNSEL:

Mark D. Jicka (MSB No. 8969)
J. Scott Gilbert (MSB No. 102123)
Sidney E. Lampton (MSB No. 105957)
WATKINS & EAGER PLLC
P. O. Box 650
Jackson, MS 39205-0650
Telephone: 601-965-1900
Facsimile: 601-965-1901
mjicka@watkinseager.com
sgilbert@watkinseager.com
slampton@watkinseager.com