IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  CRIMINAL ACTION NO.: 1:25CR063-GHD

EDWARD CHILDRESS

### RESPONSE TO MOTION TO EXCLUDE EVIDENCE OF WILSON JONES'S EMPLOYMENT WITH CHILD PROTECTIVE SERVICES & MOTION TO SEVER

Edward Childress seeks to sever his trial from that of his co-defendant Wilson Jones. Because Wilson Jones has indicated his desire to plead guilty to the charges against him, the motion is moot.

Childress also seeks to limit the testimony and evidence at trial regarding Wilson Jones's subsequent employment with the Mississippi Department of Child Protective Services (MDCPS) after his resignation from the Corinth School District. Childress claims that such information is not relevant to the facts at issue here and overly prejudicial. Because the information is relevant and not unfairly prejudicial, the Government responds as follows:

**Factual Background**

On November 19, 2024, Wilson Jones, a teacher in the Corinth School District created artificial intelligence (AI) reels using actual students' images and morphing them to simulate sexual activity. The electronic monitoring system of the district alerted the administration, and Jones was terminated the next day by Edward Childress. Jones was then told that if he resigned, the matter would go away, meaning no law enforcement would be called and the parents would not be notified. Jones submitted his resignation the next day.

Approximately three months later and before law enforcement had been notified about the AI reels, on February 18, 2025, Wilson Jones commenced his employment with the Mississippi Department of Child Protection Services.

Childress seeks to exclude this fact as not relevant to the inquiry at issue here. Because Jones's subsequent employment corroborates his belief and reliance on Edward Childress's statement that the issue would go no further, i.e., the police would not be contacted, that employment is relevant and not overly prejudicial.

**Relevance**

The Court is well aware of the standard for relevance. Evidence is admissible if relevant, and evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence. FED. R. EVID. 402, 401.

The fact that Wilson Jones was hired by the Mississippi Department of Child Protective Service after the incident in November of 2024 is relevant here. Childress has claimed in defense that his allowing Jones to resign was not driven by his desire to evade law enforcement authorities. However, Jones informed investigators that upon turning in his resignation letter, Childress let Jones know that the authorities and the parents of the children would not be notified. On the basis of this assurance, Jones applied for and received a job with Child Protective Service. Thus, Jones's subsequent employment with the CPS corroborates Jones's belief that law enforcement would not be called. This makes Jones's employment highly relevant to the issue here – Childress's intent to conceal a crime.

**403 Balancing Test**

The probative value of this evidence outweighs any unfair prejudice here. *See* FED. R. EVID. 403. One purpose of Rule 403 is to prevent evidence from "inducing decision on a purely

emotional basis." *United States v. Fields*, 483 F.3d 313, 354 (5th Cir. 2007) (citing FED. R. EVID. 403 (Advisory Committee Notes)). However, to warrant exclusion, the danger of unfair prejudice must *substantially* outweigh the probative value of the evidence. *Id*. Accordingly, courts have recognized that Rule 403's scope is narrow. "[T]he application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Pace,* 10 F.3d 1106, 1116 (5th Cir. 1993).

Testimony and evidence regarding Wilson Jones's subsequent employment with CPS is relevant to support the facts that Childress intended to conceal a crime, and told Jones that such would be concealed. Otherwise, Jones asserts he would never have applied for the CPS position. This is not a matter of scant or cumulative probative force. This is evidence corroborating Edward Childress's concealment of the crime.

## Conclusion

For the foregoing reasons, the United States submits that the Motion to Exclude Evidence of Wilson Jones Employment with the Mississippi Department of Child Protective Services is relevant and not unfairly prejudicial and may be introduced as evidence in a trial of this matter.

Respectfully submitted,

CLAY JOYNER
United States Attorney

 */s/ Parker S. King*
Parker S. King
Assistant United States Attorney
Miss. Bar No. 102499
900 Jefferson Avenue
Oxford, Mississippi 38655
Telephone: (662) 234-3351
parker.king@usdoj.gov

CERTIFICATE OF SERVICE

    I, Parker S. King, attorney for the Government, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which provided notification to all parties of record.

    This the 10th day of November, 2025.

    /s/ Parker S. King
PARKER S. KING
Assistant United States Attorney