IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.   CRIMINAL ACTION NO.: 1:25CR063-GHD

EDWARD LEE CHILDRESS

RESPONSE TO MOTION TO EXCLUDE 404(B) EVIDENCE

Defendant Childress filed a Motion to Exclude the Government's 404(b) Evidence [39]. The Government responds thereto as follows:

**Introduction**

Edward Childress was charged by a Federal grand jury with the misprision of a felony. The Government submits that in allowing Wilson Jones to resign and misrepresenting the nature of Wilson Jones's crimes to his School Board, Edward Childress took actions to conceal a felony offense.

On October 10, 2025, the United States notified the defense of its intent to use 404(b) evidence to show intent, plan, absence of mistake and lack of accident on the part of Childress in handling the Wilson Jones matter. The 404(b) evidence included the Mississippi Department of Education files of several former Corinth School District teachers, a video recorded interview of one of those former teachers, and the forensic interview of a student. The MDE files each contain an *Appendix C: Report Form for Superintendent of Education for Reporting Infractions* submitted by Edward Childress. Each teacher was allowed to resign by Edward Childress. As acknowledged by Childress in his motion regarding Teacher 1,[1] "MDE did not forward the report from Childress

---

[1] For clarity, the Government uses the same numeric designations of the former educators as the defense.

to local law enforcement." MDE did not report the conduct to local law enforcement with regards to the actions of Teacher 3 either.[2]

Childress has indicated that his defense rests on the "uncontested fact[]" that "Childress is the person who reported Jones's conduct to the Mississippi Department of Education (MDE), **knowing** that the MDE would pass that information on to law enforcement if the MDE deemed it reportable." *Memorandum of Authorities in Support of the Motion to Exclude 404(b) Evidence* [40], filed Oct. 27, 2025, p.2. Accordingly, the evidence that the United States would seek to introduce negates that knowledge. Iin particular, in at least two other instances of sexual misconduct with students by other Corinth School District teachers (Teacher 1 and Teacher 3), the MDE did not report to local law enforcement. Accordingly, Childress had no reason to believe MDE would in the Wilson Jones situation. Thus, the evidence sought to be introduced does not go to the propensity of Childress to cover up the sexual misconduct of teachers he allows to resign, but to show his intent in "reporting" the incident to MDE was not to notify the authorities of the felony.

### 404(b) Evidence Law

Federal Rule of Evidence 404(b) prohibits the admission of evidence of "a crime, wrong, or other act" . . . "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character" unless the evidence introduced for some other purpose, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2). The defense's proposition that any extrinsic act introduced must be "illegal" is undermined by the language of the Rule. *See* Fed. R. Evid. 404(b) ("a crime, wrong, or other act").

---

[2] The Government does not intend to use the allegations surrounding Teacher 2 as 404(b) evidence.

The Fifth Circuit "outlined a two-step test to determine the admissibility of evidence of a defendant's prior wrongful acts." *United States v. Cheramie*, 51 F.3d 538, 541 (5th Cir. 1995) (citing *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978) (en banc)). "Under *Beechum*, evidence of extrinsic offenses is admissible if it is (1) relevant to an issue other than the defendant's character, and (2) the incremental probative value of the evidence is not substantially outweighed by the danger of unfair prejudice to the defendant." *Cheramie*, 51 F.3d at 541 (citing *Beechum*, 582 F.2d at 911).

<u>Teacher 1</u>

Teacher 1 was an English teacher at Corinth High School. The then-Principal of Corinth High School conducted an investigation into Teacher 1's physical interactions with female students when he was alerted to communications between Teacher 1 and several minor students over the school-provided email system. Due to the disclosures by the students, the then-Principal discussed the matter with Childress who informed him he was "on his own" in his investigation. The Principal then referred the matter to the Corinth Police Department. The principal's understanding was that Teacher 1 was terminated. However, the MDE paperwork show that Teacher 1 was non-renewed and reassigned outside the Corinth High School for the remainder of the year. Further, the letter written by Childress to the teacher indicated that the teacher was prohibited from "contacting any students through district provided digital communication and instructional programs." The file sent to MDE included an affidavit from the Assistant Principal, but no documentation of the investigative steps of the then-Principal, or any indication that the matter was referred to law enforcement. The MDE did not make or require Corinth School District to make a report to local law enforcement.

Teacher 3

Teacher 3 was also engaged in an inappropriate relationship with a minor student while he was a coach in the Corinth School District. Despite having physical letters and gifts from Teacher 3 to the student, and evidence that Teacher 3 was communicating with the student after school hours and late at night by cell phone, no report to local law enforcement was made. Although Childress drafted and presented a Termination Letter to Teacher 3, Childress allowed Teacher 3 to resign the next day. Teacher 3 indicated that Childress mentioned that no report would be made to law enforcement. Childress then sent in the Appendix C Form to the MDE acknowledging that Teacher 3 had an inappropriate relationship with a student. MDE did not make or require Corinth School District to make an additional report to local law enforcement as to Teacher 3.

Wilson Jones

Wilson Jones was producing morphed AI child pornography on his school-issued laptop during school hours. Jones was confronted by Childress and another administrator about the images and issued a Termination Letter. Jones was later allowed to resign. Jones indicated that he was told that law enforcement would not be contacted by Childress. Childress sent in the Appendix C Form to MDE alleging violations of Standards 4 and 9 of the Mississippi Educator Code of Ethics. MDE responded immediately that law enforcement should be contacted. However, neither Childress nor anyone from the Corinth School District made a disclosure. Instead, they relied on MDE to make a report to the Corinth Police Department on their behalf over a month after being told to report the crime by MDE.

**Relevance**

This complete disregard of the justice process is evident in the material and testimony the United States seeks to present under Rule 404(b). On two prior occasions on which Childress

4

reported to MDE inappropriate relationships between teachers and students, MDE did not force a disclosure to local law enforcement. There was no expectation that MDE would make or require a report for the Wilson Jones matter. Accordingly, those instances are other acts which go directly toward Childress's state of mind in reporting Wilson Jones to the MDE.

### Rule 403 Analysis

"[If] the evidence is relevant for at least one of those permissible purposes [listed in Rule 404(b)], [the Court must] then determine whether, consistent with Rule 403, the evidence 'possess[es] probative value that is not substantially outweighed by its undue prejudice.'" *Crawley*, 533 F.3d at 354 (quoting *United States v. Morgan*, 505 F.3d 332, 339 (5th Cir. 2007)).

If relevant, 404(b) evidence is limited only by whatever strictures the rules themselves otherwise provide. Thus, at this stage, "the trial judge may exclude [relevant evidence of extrinsic acts] only on the basis of those considerations set forth in Rule 403, i.e., prejudice, confusion or waste of time." *Beechum*, 582 F.2d at 911. "In weighing the probative value and unfair prejudice, this court must make a 'commonsense assessment of all the circumstances surrounding the extrinsic offense.' Probative value 'must be determined with regard to the extent to which the defendant's unlawful intent is established by other evidence, stipulation, or inference.'" *United States v. Pruett*, 681 F.3d 232, 245 (5th Cir. 2012) (quoting *United States v. Cockrell*, 587 F.3d 674, 678–79 (5th Cir. 2009) (quotations omitted). Other factors to be considered include "'the overall similarity of the extrinsic and charged offenses, and the amount of time that separates the extrinsic and charged offenses' as well as any limiting instructions." *Id*. (quoting *Cockrell*, 587 F.3d at 679); *United States v. Richards*, 204 F.3d 177, 199–201 (5th Cir. 2000).

As noted above, the evidence sought to be admitted is directly relevant to the intent inquiry the jury will be tasked with at trial. Accordingly, the probative value of this testimony and evidence

5

outweighs any potential prejudice.

## Limiting Instruction

Any potential prejudice could be cured with a limiting instruction. This is a context in which limiting instructions are of substantial efficacy, *United States v. Evans*, 572 F.2d 455, 484-85 (5th Cir. 1978), and the court can adequately admonish the jury to consider the 404(b) evidence solely on the issue of defendant's intent. *See Beechum*, 582 F.2d at 917 n.23. To the extent the evidence is admissible only for Rule 404(b) purposes, to limit any possible unfair prejudice the defendant may assert and to avoid any potential for confusion in the juror's minds, a limiting instruction consistent with the Fifth Circuit's Model Criminal Jury Instructions may be appropriate here. *See* FIFTH CIRCUIT MODEL CRIM. JURY INSTR. 1.32 (2024). This would serve to protect the defendant from any suggestion of prejudice. *See Crawley*, 533 F.3d at 355 (risk of undue prejudice "greatly minimized" by the use of a limiting instruction to the jury); *United States v. Nguyen*, 504 F.3d 561, 574–75 (5th Cir. 2007), *cert. denied* 552 U.S. 1222, 128 S. Ct. 1324, 170 L.Ed.2d 135 (2008); *United States v. Saucedo–Munoz*, 307 F.3d 344, 350 (5th Cir. 2002).

## Conclusion

For the foregoing reasons, the United States submits that the evidence discussed in this filing may be disclosed to the jury under Rule 404(b).

    Respectfully submitted,

    CLAY JOYNER
    United States Attorney

      /s/ Parker S. King
    Parker S. King
    Assistant United States Attorney
    Miss. Bar No. 102499
    900 Jefferson Avenue
    Oxford, Mississippi 38655

Telephone: (662) 234-3351
parker.king@usdoj.gov

CERTIFICATE OF SERVICE

    I, Parker S. King, attorney for the Government, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which provided notification to all parties of record.

    This the 10th day of November, 2025.

                                             /s/ Parker S. King
                                             PARKER S. KING
                                             Assistant United States Attorney