IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>V.<br><br>WILSON JONES<br>EDWARD CHILDRESS | CASE NO. 1:25CR063-GHD |

REPLY TO THE MOTION TO PRECLUDE TESTIMONY OF JIM KEITH

The United States seeks to preclude Jim Keith from testifying in support of an advice of counsel defense. In response, Defendant Edward Childress contends he should be able to rely on that testimony and advice as Jim Keith provided advice to the Corinth School District in the past, and that Jim Keith's testimony would support a good faith defense. The United States replies as follows:

1. Advice of Counsel Defense

As admitted to in the Response, the "legal advice" given by Jim Keith was not particular to this incident. Childress wants to rely on Jim Keith's alleged advice to allow teachers who commit misconduct to resign, instead of following the termination process. Jim Keith did not know the details of the incident here and had only provided "advice" based on conferences to a wide audience in the past. There is no indication of when Childress heard that advice, to whom the advice was given, or any other details necessary to assert an advice of counsel defense. *See United States v. Impastato*, 543 F. Supp. 2d 569, 573 (E.D. La. 2008) (excluding advice of counsel defense where "the advice provided does not concern the crimes charged").

An advice of counsel defense predicated on any general statements Jim Keith gave in a conference setting is not appropriate here. *See United States v.* Carr, 740 F.2d 339, 347 (5th Cir. 1984) (noting that it is clear that "[f]or [the advice-of-counsel] defense to be permitted, ... there

must be at least some evidence that the attorney advised the defendant *as his counsel*.") (emphasis added) (citation omitted). There is no indication that Jim Keith was acting as counsel for Childress or the Corinth School District with regards to this matter.

2. Good Faith Defense

The defendant alternatively claims that Jim Keith's testimony is necessary to establish a good faith defense.

Childress asserts that Jim Keith would testify regarding the cost/benefit analysis of terminating versus resigning, but Jim Keith is in no better position to testify on Childress's good faith than the Corinth School Board Attorney, Bill Davis. In fact, Bill Davis would have more particularized data regarding the cost to the Corinth School District to hold show cause hearings, as opposed to Jim Keith who would testify to the cost generally or to another school district.

Moreover, Jim Keith cannot establish Childress's state of mind during the commission of the crime. Jim Keith could only opine how costly it is to terminate an employee. He can give no indication of the underlying intent of Childress's decision to let Wilson Jones resign.

Further, any evidence that Jim Keith would provide would be based on his specialized knowledge gained in his position as Mississippi's school board attorney. The fact is that Childress did not contact Jim Keith and ask for his legal advice, despite their contention that Jim Keith is the foremost authority on education law.

The defense seeks to rely on the Northern District of Texas district court's allowance of a good faith defense premised on the advice of counsel to a co-defendant. *United States v. Hagan*, 542 F. Supp.3d 515 (N.D. Tex June 3, 2021). The district court referred to this as a "derivative advice of counsel defense" in which a co-conspirator received legal advice from their attorneys, and the co-conspirator relayed that legal advice to the defendants. After a hearing, the district court decided

to allow those lawyers to testify as to the advice given the co-conspirator, despite not finding any case law supporting that ruling. *Id*. at 519 ("Neither the Court nor the parties have found case law on point for the particular issue of whether a defense premised on legal advice received by a person other than the criminal defendant constitutes an advice-of-counsel defense warranting pretrial notice and disclosure of materials.").

The Government submits that this newly crafted "derivative advice of counsel defense" from the Northern District of Texas does not apply here. First, as admitted, there is no specific legal advice offered, only the general statement that it is easier to allow the employee to resign. Second, there is no co-conspirator that received legal advice as to the crimes alleged. Here, there is no conspiracy and there is no good faith reliance on any legal advice generally given by Jim Keith.

3. Reliance on Jim Keith as a Lay Witness

Alternatively, Childress seeks to introduce testimony of Jim Keith as a lay witness. Any information that Jim Keith could provide in this case would necessarily be expert testimony. Childress wants to rely on Jim Keith's testimony as a super school district attorney, i.e., someone with specialized knowledge or an expert in his field. However, they are not willing to designate him as an expert.

Federal Rule of Evidence 701 governs lay witness testimony, limiting opinions to those that are (a) rationally based on the witness's perception, (b) helpful to a clear understanding of their testimony or a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge. Any testimony of Jim Keith is not relevant to this case as he has no personal knowledge on this matter. *See* FED. R. EVID. 602.

Not only does Jim Keith have no personal knowledge about the facts of the case, he has no knowledge of Childress attending any conferences at which Keith offered those opinions about

resigning versus terminating. Allowing him to testify as a lay witness would confuse the jury, as Childress has already indicated a reliance on advice of counsel as his defense.

4. Not premature

Addressing the admissibility of an advice of counsel defense is not only permissible, it is preferable because the advice of counsel defense raises "special issues of relevance." *See United States v. Crinel*, No. 15-61, 2016 WL 6441249, at *12 (E.D. La. Nov. 1, 2016) (Morgan, J.). "These issues involve whether the legal opinion actually addressed the crimes alleged here, and further whether the advice of counsel defense negates the relevant mens rea of the crimes alleged in the indictment." *Id.*

For logistical purposes, the Government asserts that a ruling is necessary in case the defense intends to refer to any statements expected to be made by Jim Keith during their opening statement, and that testimony is later determined to be irrelevant or precluded for any reason.

## CONCLUSION

The Motion to Preclude the Testimony of Jim Keith should be granted for the reasons outlined above and mentioned in the original motion.

Respectfully submitted,

SCOTT F. LEARY
United States Attorney

 /s/ *Parker S. King*
Parker S. King
Assistant United States Attorney
Miss. Bar No. 102499
900 Jefferson Avenue
Oxford, Mississippi 38655
Telephone: (662) 234-3351

CERTIFICATE OF SERVICE

    I, Parker S. King, attorney for the United States, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which provided notification to all parties of record.

    This the 24th day of November, 2025.

    /s/ *Parker S. King*
PARKER S. KING
Assistant United States Attorney