IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. : 1:25-cr-00063-GHD-DAS

WILSON JONES
EDWARD LEE CHILDRESS  DEFENDANTS

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF WILSON JONES'S EMPLOYMENT AT THE
MISSISSIPPI DEPARTMENT OF CHILD PROTECTIVE SERVICES**

Defendant, Edward Lee Childress ("Childress"), by and through counsel, files his Reply in Support of his Motion in Limine to Exclude Evidence of Wilson Jones's Employment at the Mississippi Department of Child Protective Services. In support of, Childress shows as follows:

**INTRODUCTION**

The government alleges that Childress, as superintendent of Corinth School District ("CSD"), knew that Jones, a CSD teacher, committed the crimes of possession of child pornography and producing a visual depiction of a minor engaging in sexually explicit conduct. Specifically, Childress knew that Jones used an artificial intelligence ("AI") program to create five (5) sexually explicit computer generated images that superimposed the actual faces of CSD students onto virtual/fake bodies. The government alleges that Childress concealed Jones's crimes from law enforcement by allowing Jones to resign from CSD and by misrepresenting to the CSD Board the reason for Jones's resignation. After Jones resigned from CSD, he applied for a position at the Mississippi Department of Child Protection Services ("MDCPS"). On February 18, 2025, Jones started his first day of employment at MDCPS as a Social Service Specialist II. Childress seeks to exclude the government from introducing evidence of Jones's employment at MDCPS

1

because it is not relevant under Rule 401 and, alternatively, under Rule 403, its probative value is substantially outweighed by its highly prejudicial nature.

## ARGUMENT

I. *Jones's Employment at MDCPS is Irrelevant*

"Evidence in criminal trials must be **strictly relevant** to the particular offense charged." *U.S. v. Carrillo*, 660 F.3d 914, 926 (5th Cir. 2011) (quoting *U.S. v. Templeton*, 624 F.3d 215, 221 (5th Cir. 2010) (emphasis added)). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Whether a proposition is of consequence to the determination of the action is a question that is governed by the substantive law." *U.S. v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981). "Simply stated, the proposition to be proved must be part of the hypothesis governing the case[,] a matter that is in issue, or probative of a matter that is in issue, in the litigation" *Id*. "The governing hypothesis of any criminal prosecution consists of the elements of the offenses charged and the relevant defenses (if any) raised to defeat criminal liability." *Id*. In other words, in a criminal case, evidence is relevant if it has any tendency to make the elements of the offense (or the relevant defenses raised to defeat criminal liability) more or less probable than it would be without the evidence.

The indictment charges Childress with violating 18 U.S.C. § 4, *i.e.*, misprision of a felony. To prove misprision of a felony, the government must show beyond a reasonable doubt that: "(1) the defendant had knowledge that a felony was committed; (2) the defendant failed to notify authorities of the felony; and (3) the defendant took an affirmative step to conceal the felony." *U.S. v. Adams*, 961 F.2d 505, 508 (5th Cir. 1992). "The mere failure to report a felony is not sufficient to constitute a violation of 18 U.S.C. § 4." *U.S. v. Johnson*, 546 F.2d 1225, 1227 (5th Cir. 1997).

2

Instead, a violation of the misprision statute "requires some positive act designed to conceal from authorities the fact that a felony has been committed." *U.S. v. Davila*, 698 F.2d 715, 717 (5th Cir. 1983).

Here, the government alleges that Childress:

- knew that Jones possessed child pornography and produced a visual depiction of a minor engaging in sexually explicit conduct when Jones used an AI program to create sexually explicit computer generated images that superimposed the actual faces of minor CSD students onto virtual/fake bodies;

- failed to notify the authorities of Jones's crimes; and

- took two affirmative steps to conceal Jones's crimes, as follows: (1) allowing Jones to resign his employment with CSD, and (2) misrepresenting to the CSD Board the reason for Jones's resignation.

Jones's subsequent employment at MDCPS has no relevance to any of the above described elements charged against Childress. Jones's employment at MDCPS does not make it more or less probable that: (1) Childress knew Jones possessed child pornography or produced a visual depiction of a minor engaging in sexually explicit conduct; (2) Childress failed to notify the authorities of Jones's crimes; or (3) that Childress allowed Jones to resign from CSD and/or misrepresented the reason for Jones's resignation to the CSD Board **for the purpose of concealing Jones's crimes** from the authorities.

The government argues that evidence of Jones's employment at MDCPS is relevant because it corroborates Jones's statement to investigators that "upon turning in his resignation letter, Childress let Jones know that the authorities and the parents of the children would not be notified." [ECF No. 56]. Jones claims that he only applied for a job with MDCPS because Childress told him that the authorities would not be notified. This, the government asserts, "is relevant to support the facts that Childress **intended to conceal a crime**, and told Jones that such would be concealed." *Id*. (emphasis added).

3

The government is stretching the bounds of relevance in an effort to introduce highly inflammatory and prejudicial evidence that has zero probative value. As a preliminary matter, the government's argument is based entirely on Jones's unreliable recitation to the police (during his arrest) of a conversation that Jones claims to have had with Childress. Notably, Jones lies throughout his entire interview with law enforcement (except, according to the government, when he says something negative about Childress). The government – likely aware that its main witness has a significant credibility problem – seeks to "corroborate" Jones's claim that Childress told Jones that he would not notify the police about the AI videos. The government inexplicably argues that evidence of Jones's employment at MDCPS corroborates Jones's story. It does not. It merely shows that Jones did what any person does after losing their job – look for another one. If Jones believed that Childress was going to report him to the police, it would not matter what type of jobs Jones was applying to. Being arrested for possession of child pornography hampers *any* job prospect, not just employment with MDCPS. As such, the fact that Jones sought and gained employment *at MDCPS* does not "corroborate" anything.

Regardless, even if Childress said anything similar to what Jones told the police (again, during his arrest) – it still has no relevance to Childress's alleged "intent to conceal a crime." Assuming that Jones is not lying – if Childress actually told Jones that he was not going to call the police about the AI videos, that merely corroborates Childress's longstanding position that he did not report Jones to law enforcement based on the legal advice of the CSD Board Attorney. Childress met with the CSD Board Attorney **before** Childress provided Jones with his termination letter for the AI videos. The CSD Board Attorney advised Childress that Jones **had not committed a crime** and that CSD **should not report Jones to law enforcement**. Evidence that Childress made a statement to Jones that conforms with the legal advice of the CSD Board Attorney does

4

not make it more probable that Childress intended to conceal Jones's crimes – the purpose for which the government seeks to introduce the evidence. In fact, it makes it *less probable* because it corroborates the fact that Childress **did not know Jones had committed a felony**, *i.e.*, the first element that the government must prove beyond a reasonable doubt in order to sustain a conviction. To have the "intent to conceal a crime" one must know that a crime has been committed. It is a basic proposition, but one that seems to have eluded the prosecution.

Regardless of what Childress said or did not say to Jones, his *actions* speak louder than words. If Childress intended to conceal Jones's crimes from the authorities then he would not have filed a detailed and comprehensive Infraction Report with the Mississippi Department of Education ("MDE") that laid out every aspect of Jones's conduct with the AI videos. The Infraction Report included *every single* piece of video and photographic evidence that CSD collected during its investigation of Jones's AI videos and a granular description of Jones's conduct. Childress's Infraction Report hid *nothing* from the MDE.

As the CSD Board Attorney said during his interview with law enforcement: "I mean, if it was a cover-up, it was the worst cover-up in history because [Childress] self-reported it." For whatever unfathomable reason, law enforcement has given more weight and credibility to Jones's description of events (a person who was caught with thousands of images of child pornography and who has repeatedly lied to law enforcement) than to the CSD Board Attorney's description of events (a person who has no reason to lie to the police and who admitted to the investigator that, at the time, he did not believe CSD had an obligation to report Jones to law enforcement).

Under Mississippi law, Childress discharged his reporting obligations by filing an Infraction Report with the MDE. After Childress filed the Infraction Report on Jones, he had no further obligation to report Jones's conduct to any authority – including to law enforcement. When

Childress filed the Infraction Report with the MDE it was as if he filed the same with the police. *See* Miss Code Ann. § 97-5-51(3)(a)(ii)(1) (noting that a mandatory reporter does not have to report a suspected sex crime with a minor to law enforcement if the mandatory reporter reports it to a state agency as part of the licensure process for a person holding a state license to provide services that include the education of abused or neglected children). As intended by Mississippi law, the MDE received Childress's Infraction Report on Jones and informed the Corinth Police Department of Jones's conduct. Accordingly, whatever Childress said to Jones cannot be used to speculate as to whether Childress had the "intent to conceal a crime" when Childress, in fact, **did not conceal a crime**.

I. *Evidence of Jones's Employment at MDCPS is Substantially More Prejudicial than Probative*

If the Court determines that Jones's MDCPS employment satisfies Rule 401 relevance, it should still be excluded under Rule 403 for being substantially more prejudicial than probative.

Rule 403 allows a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of ... unfair prejudice." *U.S. v. August*, 590 F.Supp.3d 972, 975 (W.D. TX. 2022) (quoting Fed. R. Evid. 403). District courts have "wide discretion in determining the admissibility of evidence under the Federal Rules." *Id.* (quoting *U.S. v. Abel*, 469 U.S. 45, 54 (1984)). Rule 403 "is meant to relax the iron rule of relevance, to permit the trial judge to preserve the fairness of the proceedings by exclusion despite its relevance." *U.S. v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979). "Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *Id*. Importantly, "[e]vidence is not unfairly prejudicial because it tends to prove guilt, but because it tends to encourage the jury to find guilt from improper reasoning." *August*, 590 F.Supp.3d at 975–76 (quoting *U.S. v. Looking Cloud*, 419 F.3d 781, 785 (8th Cir. 2005)).

Here, evidence of Jones's subsequent employment at MDCPS has "scant or cumulative probative force." The government asserts that it is probative of Childress's intent to conceal a crime because it corroborates Jones's story that Childress told him that he would not call the police about the AI videos. As stated above, this evidence does not corroborate Jones's story. Regardless, the government could corroborate (or disprove) Jones's story by simply asking Chris Killough ("Killough") – who was present when Childress provided Jones with a termination letter – if Childress ever told Jones that he was not going to call the authorities.[1] This would be significantly less prejudicial than introducing evidence that Jones gained employment at MDCSP after he left CSD.

Not only is the evidence of Jones's MDCPS employment not probative of Childress's intent, but it is also substantially prejudicial. The fact that Jones – who has pleaded guilty to possessing child pornography – subsequently sought and gained employment with MDCPS will unfairly play on the jury's emotions. This evidence will serve only to inflame the passions of the jury by inferring that Childress's decision – based on the advice of the CSD Board Attorney – not to report Jones to law enforcement the same day that Childress gave Jones his termination letter is the reason that Jones was able to continue working with children. Notably, Jones was still in training and *never worked with any children at MDCPS*. Accordingly, Mississippi's statutory reporting system worked because law enforcement learned of Jones before he started working with children. Again, law enforcement only learned of Jones *because* Childress reported Jones to the MDE and provided CSD's complete file on Jones for MDE to review.

---

[1] In a recorded interview with a defense investigator, Killough denied that Childress ever made any statement to Jones about resigning in exchange for not notifying the police or parents. Killough was present the entire time Jones met with Childress. Notably, the FBI TFO who interviewed Killough never asked him if Childress told Jones he would not report the incident to law enforcement.

7

Even if it were true that Jones worked with children after leaving CSD, it would have no bearing on whether Childress intended to conceal a crime; however, it would encourage the jury to find Childress guilty for an improper reason. Specifically, the jury may feel that Childress should be punished because the effect of Childress's actions allowed Jones to continue working with children and **not** because Childress acted with the purpose of concealing Jones's crimes from the authorities. In other words, the jury may disregard Childress's intent (an element of the crime) because of the prejudicial nature of the results of Childress's actions. Childress will not be able to have a fair trial if the jury's reasoning of the charge alleged against him is tainted by their knowledge that Jones was subsequently employed at MDCPS and would eventually work with vulnerable children.

## **CONCLUSION**

For the reasons stated in Defendant's principal brief and those stated above, Defendant Edward Lee Childress respectfully requests that the Court exclude evidence regarding Wilson Jones's employment at MDCPS from the trial of this matter.

Respectfully submitted, this 24th day of November, 2025.

EDWARD LEE CHILDRESS, <i>defendant</i>

By:    *s/ Sidney E. Lampton*
       SIDNEY E. LAMPTON

OF COUNSEL:

Mark D. Jicka (MSB No. 8969)
J. Scott Gilbert (MSB No. 102123)
Sidney E. Lampton (MSB No. 105957)
WATKINS & EAGER PLLC
P. O. Box 650
Jackson, MS 39205-0650
Telephone: 601-965-1900
Facsimile: 601-965-1901
mjicka@watkinseager.com
sgilbert@watkinseager.com
slampton@watkinseager.com