AO 245B(Rev. 09/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

### Northern District of Mississippi

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>v. )<br>**Wilson Jones** ) | JUDGMENT IN A CRIMINAL CASE<br><br>Case Number: 0537 1:25CR00063-001<br>USM Number: 65934-511<br><br>Michael Scott Davis<br>Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)  One (1) of the Indictment

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §§ 2252A(a)(5)(B) & (b)(2) | Possession of Child Pornography | 11/19/2024 | 1 |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)  2 of the Indictment      ☑ is ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

May 18, 2026
_____
Date of Imposition of Judgment

_____
Signature of Judge

Glen H. Davidson         Senior Judge
Name and Title of Judge

5 - 18 - 2026
_____
Date

AO 245B(Rev. 09/19) Judgment in a Criminal Case

Judgment — Page __2__ of __7__

DEFENDANT:   Wilson Jones
CASE NUMBER:   0537 1:25CR00063-001

# IMPRISONMENT

    The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
       60 months on Count 1 of the Indictment.

☑ The court makes the following recommendations to the Bureau of Prisons:

    1. The defendant be housed at FCC Forrest City, Arkansas, or as close to the Northern District of Mississippi as possible.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ by 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B(Rev. 09/19) Judgment in a Criminal Case

Judgment—Page ___3___ of ___7___

DEFENDANT: Wilson Jones
CASE NUMBER: 0537 1:25CR00063-001

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Five (5) years on Count 1 of the Indictment.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B(Rev. 09/19) Judgment in a Criminal Case

Judgment—Page ___4___ of ___7___

DEFENDANT: Wilson Jones
CASE NUMBER: 0537 1:25CR00063-001

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245B(Rev. 09/19) Judgment in a Criminal Case

Judgment—Page __5__ of __7__

DEFENDANT: Wilson Jones
CASE NUMBER: 0537 1:25CR00063-001

## SPECIAL CONDITIONS OF SUPERVISION

1.      The defendant shall participate in a program of mental health treatment, details of which will be outlined and supervised by the probation officer, until such time as the defendant successfully completes the program or is deemed by the treatment provider to no longer be in need of treatment.

2.      The defendant shall submit his person, property, house, residence, vehicle, papers, computers (as defined in Title 18, United States Code, Section 1030e (1)), other electronic communications or data storage devices or media, or office, to a search conducted by the United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision. Any search must be conducted at a reasonable time and in a reasonable manner.

3.      The defendant shall participate in a sex offender treatment program, under the administrative supervision of the probation officer, until successfully discharged. While participating in treatment, the defendant shall abide by all rules and requirements of the program.

4.      The defendant may be required to submit to polygraph examinations as instructed by the probation officer. The results of the polygraph examination(s) may not be used as evidence in Court for the purpose of the revocation of supervision but may be considered in a hearing to modify conditions of release.

5.      The defendant shall not possess or use a computer or other internet connection device to access the internet, except the defendant may, with the prior approval of the probation officer, use a computer and the internet in connection with employment, education, finance, healthcare, and court-ordered treatment services.

6.      The defendant shall provide the probation officer with access to any requested financial information to verify there have been no payments to an internet server or entities that provide access to the internet.

7.      The defendant shall consent to third party disclosure to any employer or potential employer concerning any computer-related restrictions that are imposed upon the defendant.

8.      With the exception of unanticipated and/or incidental contact, the defendant shall have no direct unsupervised contact, including by correspondence, telephone, internet or other electronic communication, or through third parties, with children under the age of 18, except in the presence of an adult who has been approved in advance by the probation officer.

9.      The defendant shall not access, frequent, or loiter near school grounds, parks, arcades, playgrounds, or other places where minor children may frequently congregate, without the prior permission of the probation officer.

10.     The defendant may not date, engage in a relationship or co-habitat with an individual who has children under the age of 18 unless approved by the probation officer and third-party risk issues have been identified and notification has been provided by the probation officer.

11.     The defendant shall have no contact with the victim(s), by any means, including in person, by mail, email, telephone, text messaging, or other electronic means, or via third parties, without prior approval of the probation officer. If any contact occurs, the defendant shall immediately leave the area of contact and report the contact to the probation officer.

12.     The defendant may be required to submit to periodic unannounced examinations of the computer system for his/her computer or computer-related devices(s), to include cellular telephones and all internet capable devices, which may include retrieval and copying of all memory from hardware/software and/or removal of such system for the purpose of conducting a more thorough inspection. The defendant may be required to have installed on the computer or computer-related device any hardware/software to monitor the defendant's computer and/or internet use or prevent access to particular materials. The defendant shall provide the probation officer with accurate information about the entire computer system or computer related device(s); all passwords used by the defendant; and his/her internet service provider; and will abide by all rules of the computer restrictions and monitoring program(s), which may include restrictions from possessing certain computers and/or computer-related devices which are not compatible with monitoring hardware/ software. The defendant shall pay all costs associated with the monitoring program and failure to pay will result in his/her immediate termination from the program.

13.     The defendant shall allow the probation officer to access and/or view any photographs and/or video recordings the defendant may possess.

14.     The defendant shall not possess or peruse any authentic, altered or manufactured visual or auditory material, including, but not limited to, photographic or digital images, drawings, writings, videos, sound recordings, computer-generated image stills or motion graphics, or digitally altered/"morphed" images or videos, or computer related devices that depict and/or describe "sexually explicit conduct," as defined in 18 U.S.C. §2256(2) or "child pornography," as defined in 18 U.S.C. §2256(8).

15.     The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

16.     The defendant shall provide the probation officer with access to any requested financial information.

AO 245B(Rev. 09/19) Judgment in a Criminal Case

===============================================================================

Judgment — Page __6__ of __7__

DEFENDANT: Wilson Jones
CASE NUMBER: 0537 1:25CR00063-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B(Rev. 09/19) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

DEFENDANT: Wilson Jones                                   Judgment — Page   7   of   7
CASE NUMBER:   0537 1:25CR00063-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☑  Lump sum payment of $  100.00  due immediately, balance due

    ☐  not later than _____ , or
    ☑  in accordance with ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☑  Special instructions regarding the payment of criminal monetary penalties:
Pursuant to the plea agreement, payment of restitution is due and payable in full immediately. Payment of any balance on any remaining criminal monetary penalties after placement on probation or supervised release, or after release from incarceration to a term of supervised release, shall be made in regular monthly installments of not less than 10 percent of the defendant's gross monthly income or not less than $100 per month, whichever is greater. Such payments to commence no later than 60 days from placement on probation, supervised release or release from incarceration to a term of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.